State *v.* Seymour.

that claim, all the demands were satisfied ratably, and that the notes now in suit were paid in that proportion. Domat's Civil Law, by Strahan, B. 4, T. 1, § 4, Rule 7; 1 Poth. Obl., by Evans, Part 3, c. 1, Art. 7, § 532, Rule 5, n. a; *Devaynes* v. *Noble*, 1 Meriv. 605 – 607; *Perris* v. *Roberts*, 1 Vernon, 34; *Shaw* v. *Picton*, 4 Barn. & Cress. 715; *Favenc* v. *Bennett*, 11 East, 42; *Pattison* v. *Hull*, 9 Cowen, 762 – 776, n. b; *Blackstone Bank* v. *Hill*, 10 Pick. 129; *Commercial Bank* v. *Cunningham*, 24 Pick. 276.

The plaintiffs will have judgment upon the notes declared on, deducting the accounts paid, in the mode stated.

SHEPLEY, C. J., and TENNEY and WELLS, J. J., concurred.

---

## (*) STATE *versus* SEYMOUR.

That the acts, necessary to constitute the crime of burglary, were committed *in the night time*, is sufficiently stated by an averment in the indictment, that they were committed on a specified day, about the hour of twelve in the night of the same day.

INDICTMENT for burglary, charging that the breaking, entering and stealing were committed on a specified day, "about the hour of twelve in the night of the same day."

After a verdict of guilty, the defendant moved in arrest of judgment, for the reason that it did not appear from the indictment that the acts were committed *in the night time*.

*H. W. Paine*, in support of the motion.

The bill is drawn with reference, apparently, to § 8, c. 155, R. S.

The verdict of guilty is but a verification of the averments in the bill. If the charge does not necessarily import a crime, there can be no sentence. *State* v. *Godfrey*, 24 Maine, 252.

May it not be true that the defendant broke and entered "*about* the hour of twelve in the night" and equally true, that he did not break and enter in the night time? That is, "during that part of the natural day when the light of the

sun has so far disappeared, that the form of a person could not be distinguished ?"

The word " *about*" is defined by Lexicographers to signify " near to " — in point of time, place or number.

How near in point of time must two events occur, that it may with propriety be said that one took place *about* the time the other did ? How long before or after the occurrence of one event must another event happen, to make it improper to say they occurred *about* the same time ?

The word *about* is one of the loosest and most indefinite in the language. It is used to indicate a want of certainty, to show that the person using it does not intend to be precise.

In *State* v. *Baker,* 34 Maine, 52, it was held that an averment that an offence was committed " about the first day of August" was bad. And though the time was not material, and the proof might apply to a day long before or long after the day stated, it was too indefinite and uncertain.

Suppose defendant had been charged with breaking *about* the hour of eight in the night, would that be sufficient ? Yet that case does not in principle differ from this case.

It may be said, that a proper punctuation would remove the difficulty, that a comma after the word " *twelve*" would show, that defendant was charged with breaking in the night about the hour of twelve.

But it will hardly be contended, that when the language of an indictment is ambiguous, it is to be construed most strongly against the accused.

It was held in Massachusetts to be unnecessary to set forth the hour when a burglary was committed, because of the peculiar provisions of their statute, and it is intimated, that it would be necessary to state the hour but for that statute. *Commonwealth* v. *Williams,* 2 Cush. 583.

Does the word " burglariously" cover the supposed defect ?

A felonious taking is larceny ; but it would not be enough to charge one with a felonious taking, without averring that he *stole.*

Murder is killing with malice aforethought; but to aver that one killed another with malice aforethought, without averring that he murdered him, would not be sufficient.

To allege that one sold ardent spirit against the form of the statute, is not enough. It must be averred that he was not licensed.

Defendant is not liable under § 11, c. 155, because there is no averment that the occupants were put in fear. Nor can the defendant be sentenced for simple larceny, because the number of articles taken is not stated. Hawk. B. 2, c. 25, § 74.

Such a count would be bad in a writ for trespass.

*R. C. Vose, County Attorney*, contra.

PER CURIAM. — Motion overruled.

---

. (*) DENNISON & al. versus BENNER.

Persons summoned as trustees to the principal defendant are parties to the suit.

They are parties adverse to the plaintiff.

A creditor brought two separate suits against different persons. In one of the suits, he summoned trustees. He then proposed in writing to another creditor of the same defendants, that he would discharge his said claims, upon receiving, among other things, "an obligation from the adverse parties to forbear any suit or trouble to him on account of his proceedings against them." — *Held*, that an instrument signed by the defendant in one of said suits, containing, first, a formal receipt in full of all demands, and secondly, an agreement that "neither party" should be entered in the suit against the other defendant and trustees, does not constitute the obligation contemplated in the plaintiffs' written proposal.

ON FACTS AGREED.

The plaintiffs, being merchants in Boston, were creditors of one John Benner, against whom they had a suit pending in which his property is attached, and several persons summoned as his trustees. And they have brought this suit against Washington Benner for fraudulently concealing the property of their debtor, John Benner, and in this suit have attached property